**WEBSTER COUNTY MEMORIAL HOS-
PITAL, INCORPORATED, Appellant,**

v.

**UNITED MINE WORKERS OF AMERI-
CA WELFARE AND RETIREMENT
FUND OF 1950 et al.**

No. 75–1915.

United States Court of Appeals,
District of Columbia Circuit.

Argued March 31, 1976.

Decided May 26, 1976.

Daniel V. S. McEvily, Washington, D. C.,
with whom George E. Hamilton, III, Wash-
ington, D. C., was on the brief for appel-
lant.

Stephen J. Pollak, Washington, D. C.,
with whom Ralph J. Moore, Jr. and Frank-
lin D. Kramer, Washington, D. C., were on
the brief for appellees.

Before BAZELON, Chief Judge, LEV-
ENTHAL, Circuit Judge and CHRISTEN-
SEN,* United States Senior District Judge
for the District of Utah.·

PER CURIAM:

Webster County Memorial Hospital, a
nonprofit hospital located in Webster
Springs, West Virginia, brought this private
antitrust action against the United Mine
Workers of America Welfare and Retire-
ment Fund of 1950 and its trustees. The
Fund is an irrevocable trust established
jointly by the mine operators and the union
pursuant to § 302(c)(5) of the Taft-Hartley
Act, 29 U.S.C. § 186(c)(5) (1970), which pro-
vides medical and hospital care to miners
and their families.

Since 1952, the Fund has negotiated a
series of contracts with the Hospital which

---

* Sitting by designation pursuant to 28 U.S.C. § 294(d).

set a maximum per diem price. The contracts also provide that individual beneficiaries will not be required to pay the difference, if any, between the per diem figure and the Hospital's standard charge. On several occasions—most recently in 1971—the Hospital has unilaterally sought to increase its prices. The Fund was only willing to bear its pro rata share of increased costs, and only if the Hospital could justify them. The Fund further stated "unless a mutually satisfactory arrangement can be worked out . . . we will have to restrict hospitalization in Webster County Memorial Hospital for our beneficiaries . . . to emergencies only," and to so inform them. J.A. 20.

This lawsuit followed. The Hospital alleges the Fund has fixed prices for hospital care in violation of § 1 of the Sherman Act, and has threatened an illegal group boycott by its beneficiaries. There is no allegation of monopoly (or monopsony). Judge Hart dismissed the complaint for failure to state a claim on which relief could be granted. We affirm.

The complaint alleges no more than that the Fund has engaged in activities Congress envisaged in enacting § 302 of the Taft-Hartley Act. While we do not decide a § 302 fund is immune from the antitrust laws, we find nothing unreasonable in the actions of the Fund alleged here. *Cf. Jordan v. Group Health Assn.,* 71 App.D.C. 38, 107 F.2d 239 (1939). Nor are we persuaded that the Sherman Act is violated by a contract which precludes recovery from individual beneficiaries of charges in excess of the amounts the Fund will pay. *Travelers Ins. Co. v. Blue Cross,* 481 F.2d 80, 84–85 (3 Cir. 1973).

In our view, the status of the Fund is similar to that of a group buying agent negotiating a price for medical care on behalf of its beneficiaries. While such a cooperative may engage in anticompetitive behavior which runs afoul of the antitrust laws, *see Mandeville Island Farms, Inc. v. American Crystal Sugar Co.,* 334 U.S. 219, 68 S.Ct. 996, 92 L.Ed.1328 (1948), neither

the mere existence of a § 302 fund nor negotiations with suppliers of medical care as alleged in this case, without more, amounts to an unreasonable restraint of trade. The fact that the miners are not technically "members" of the Fund (as in the case of a cooperative), but "beneficiaries" of the trust and third party beneficiaries of its contract relationships, does not undercut the reality of the situation. The Fund was established for the benefit of union members, and operates on their behalf.

Since we reach this resolution on the merits, we need express no opinion on whether medical care is "in" or "affects" interstate commerce. *See Hospital Building Co. v. Trustees of Rex Hospital,* 511 F.2d 678 (4 Cir. 1975), *cert. granted,* 423 U.S. 820, 96 S.Ct. 33, 46 L.Ed.2d 37 (1975).

The judgment of the district court is hereby

*Affirmed.*